```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
ANASTASIYA DONAEVA,                                               :
on behalf of herself and all others similarly                     :
situated,                                                         :
                                                                  :         MEMORANDUM
                                                                  :         DECISION AND ORDER
                                  Plaintiff,                      :
                                                                  :         18-cv-6595 (BMC)
              - against -                                         :
                                                                  :
CLIENT SERVICES, INC.,                                            :
                                                                  :
                                  Defendant.                      :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff claims that defendant sent her a collection letter in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. This case is before me on defendant's motion to dismiss for failure to state a claim and plaintiff's motion for summary judgment. For the reasons below, defendant's motion to dismiss is granted, and plaintiff's motion for summary judgment is denied.

## SUMMARY OF COMPLAINT

Defendant sent plaintiff a debt collection letter that provides, in relevant part:

Balance Due At Charge-off: 4,725.16
Interest: 0.00
Other Charges: 0.00
Payments Made: 0.00
**Current Balance: 4,725.16**

The "current balance" language implies that the debt will increase because of interest and late fees, but, in fact, no such interest or fees were accruing on the account. Plaintiff claims that this letter therefore violates 15 U.S.C. § 1692e.

## DISCUSSION

Before addressing the merits of the parties' motions, the Court notes that the procedural posture of this case "raises the specter of one-way intervention," i.e. the risk that "potential class members [are] waiting on the sidelines to see how the lawsuit turns out and, if a judgment for the class is entered, intervening to take advantage of the judgment." Brecher v. Republic of Argentina, 806 F.3d 22, 26 (2d Cir. 2015). However, the decision to decide the merits of a case "before acting on class certification [is] well within the discretion of the district court, particularly [if plaintiff] never moved to certify the purported class." Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998).

Here, defendant – the party who would be most harmed by potential class members' one-way intervention – filed a motion to dismiss and plaintiff has not moved to certify the purported class. The Court therefore finds that it is appropriate to resolve the motion for summary judgment and the motion to dismiss before plaintiff moves to certify the purported class. See Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995) ("We … hold that, by obtaining summary judgment before the class has been certified and notice has been sent, the defendants waived any right to compel the plaintiff to notify the class of the pending action.").

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

2

Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

However, the usual standards for deciding a Rule 12(b)(6) motion – as developed in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and their progeny – "shed[] little light in FDCPA cases, including this one, based on the undisputed language of a collection letter." Meintzinger v. Sortis Holdings, Inc., 18-CV-2042, 2019 WL 1471338, at *2 (E.D.N.Y. April 3, 2019). Because the statute applies an objective standard, "the background facts in an FDCPA case are usually immaterial; either the challenged language is misleading or not misleading as a matter of law, or, in the less usual case, a reasonable jury could come out either way on whether particular language is misleading." Id.

The relevant provision of the FDCPA, 15 U.S.C. § 1692e, forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In an FDCPA case, the collection letter must be assessed from the perspective of the "least sophisticated consumer." See Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

"The hypothetical least sophisticated consumer does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks omitted). Further, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotation marks omitted). The Second Circuit has therefore directed that "courts should apply the standard in a manner that protects debt collectors against

3

liability for unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012) (internal quotation marks omitted).

Plaintiff claims that the debt collection letter at issue here violates 15 U.S.C. § 1692e because it states plaintiff's "current balance." Plaintiff complains that this "current balance" language implies that the balance will increase due to interest or other charges, which is why the letter refers to a "*current* balance." But if the least sophisticated consumer was unsure about whether her balance would increase due to interest or other charges, all she had to do was look at the lines right above "current balance" in which the letter clearly indicates "Interest: 0.00" and "Other Charges: 0.00." See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004) ("One simple way to comply with § 1692e and § 1692f … would be to itemize the various charges that comprise the total amount of the debt."); Delgado v. Client Servs., Inc., 17-cv-4364, 2018 WL 1193741, at *2 (N.D. Ill. March 7, 2018) ("Client Services argues that the inclusion of interest and other charges in the itemization of [plaintiff's] debt, when 0.00 is listed for both categories, could not lead an unsophisticated consumer to believe that interest or other charges would later accrue. The Court agrees.").

Plaintiff's arguments to the contrary are not persuasive. Plaintiff contends that the letter violates the FDCPA because it "is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law." Russell v. Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996). But the only purportedly reasonable yet inaccurate interpretation of the letter plaintiff points to is that the balance would accrue fees or other charges even though the letter clearly indicated "Interest: 0.00" and "Other Charges: 0.00." Since even the least sophisticated consumer is willing "to read a collection notice with some care," Greco, 412 F.3d at 363 (internal quotation mark omitted), an interpretation of the debt collection letter that ignores the

4

words "Interest: 0.00" and "Other Charges: 0.00" is not a reasonable interpretation. Nor would it be reasonable to infer from "Interest: 0.00" and "Other Charges: 0.00" that the account would somehow begin to accrue fees and other charges at some later unspecified time.

Plaintiff also relies heavily on my prior decision in <u>Islam v. Am. Recovery Serv. Inc.</u>, No. 17-cv-4228, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017),[1] in which I found that a debt collection letter with the following language violates the FDCPA:

> Original Creditor                                                                 Bank of America, N.A.
> The total amount of the debt due as of charge-off:                                 $14413.78
> The total amount of interest accrued since charge-off:                             $0
> The total amount of non-interest charges or fees accrued since charge-off:         $0
> The total amount of payments and credits made on the debt since the charge off:    $0
>
> The balance owed above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from Bank of America.

The letter in <u>Islam</u> thus qualified its statement that the amount of interest or fees is "$0" by adding that the letter is only describing the interest or other charges or fees "accrued since charge-off." <u>Id.</u> at *5. However, the least sophisticated consumer may not understand what a "charge-off" is, or may understand what a charge-off is but reasonably infer that the letter is only stating that the account has not accrued interest or other charges since charge-off but may accrue interest or fees in the future. <u>See id</u>. In contrast, in the debt collection letter at issue in this case, there is no qualification or ambiguity in this debt collection letter's language: "Interest: 0.00" and "Other Charges: 0.00."

The debt collection letter at issue here is more similar to the letter in <u>Taylor v. Fin. Recovery Servs., Inc.</u>, 252 F. Supp. 3d 344 (S.D.N.Y. 2017) ("<u>Taylor I</u>"), than it is to the letter in

---

[1] In <u>Islam</u>, I applied the Second Circuit's decision in <u>Avila v. Riexinger & Associates</u>, 817 F.3d 72 (2d Cir. 2016). In <u>Avila</u>, the Second Circuit held that a debt collection letter that states a consumer's "current balance" must also state that the balance may increase due to interest and fees, if the balance may increase due to interest and fees. <u>Id.</u> at 77. This case is distinguishable from <u>Avila</u> since – as plaintiff acknowledges – no interest or fees were accruing on plaintiff's account.

Islam.  In Taylor, the court dismissed an FDCPA claim arising from debt collection letters that indicated the "balance due" and "current balance" for plaintiff's account (which was not accruing interest or fees), since "the letters neither state nor imply that interest or fees are accruing."  Id.  The Second Circuit affirmed, holding that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g."  Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 215 (2d Cir. 2018) ("Taylor II").

Here, plaintiff has not disputed that the letter accurately states her balance and that no interest or fees were accruing.  Her only potential basis for distinguishing this case from Taylor I and Taylor II is that defendant not only provided plaintiff's balance but also accurately indicated the amount of interest and fees for plaintiff's account, i.e. $0.00.  "Construing the FDCPA in light of its consumer protection purpose," Taylor II, 886 F.3d at 215, I will not hold that defendant violated the FDCPA by disclosing even more accurate information than the Second Circuit required in Taylor II.

Just like in Taylor I, "[o]nly a consumer in search of an ambiguity, and not the least sophisticated consumer relevant here, would interpret the letters to mean that interest was accruing."  252 F. Supp. 3d at 352.  Indeed, a lawyer in search of ambiguity is even more likely than a consumer in search of ambiguity to find fault with this entirely accurate and innocuous debt collection letter that does not resemble the kind of debt collection abuses that inspired the FDCPA.  See Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) ("[T]he need for the FDCPA arose because of collection abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights,

6

disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.") (internal quotation marks omitted).

Like many FDCPA cases, "this is a 'lawyer's case,' by which I mean that it alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive." Ocampo, v. Client Services, Inc., No. 18-cv-4326, 2019 WL 2881422, at *3 (E.D.N.Y. July 3, 2019). "We cannot lose sight of the consequences of these creative exercises – the cost of litigation in the collection industry logically must increase the cost of credit, especially to the least sophisticated consumer, as at least some of those costs will be passed on." Id. Thus, "if courts interpret the FDCPA to have as low a bar as plaintiff's counsel argues here, they would end up hurting the least sophisticated consumer by making her pay higher interest rates, collection costs, or depriving her of access to credit at all, rather than helping her." Id.

## CONCLUSION

Defendant's [13] motion to dismiss is granted and plaintiff's [11] motion for summary judgment is denied. The Clerk is directed to enter judgment in favor of defendant, dismissing the complaint.

**SO ORDERED.**

                                                       U.S.D.J.

Dated: Brooklyn, New York
       July 11, 2019